# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

*In re:* Application Pursuant to 28 U.S.C. § 1782 of RAKHI BHANSALI,

    Petitioner,

- to take discovery of -

TWIN FIELDS INVESTMENTS, LTD.,

    Respondent.

Case No. _____

## MEMORANDUM OF LAW IN SUPPORT OF RAKHI BHANSALI'S APPLICATION FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. SECTION 1782

Rakhi Bhansali ("Mrs. Bhansali"), by and through her undersigned counsel, White and Williams LLP, respectfully submits this Memorandum of Law dated April 12, 2019; the Declaration of Thomas E. Butler, dated April 12, 2019 ("Butler Decl."); and all accompanying exhibits, in support of her application, pursuant to 28 U.S.C. § 1782 ("§ 1782"), for an Order directing Twin Fields Investments Limited ("Twin Fields") to produce certain documents and submit to deposition testimony in the District of Delaware (the "Application").

## PRELIMINARY STATEMENT

The Application arises from a proceeding pending before the Adjudicating Authority Under the Prevention of Money Laundering, 2002, in Mumbai, India, and a prospective appeal in the Appellate Tribunal Under the Prevention of Money Laundering, 2002, in New Delhi, India (collectively, the "Attachment Matter"). The Attachment Matter, in turn, arises from allegations that Mrs. Bhansali's husband, Mihir Bhansali ("Mr. Bhansali"), participated in a scheme to obtain loans from Punjab National Bank ("PNB") through illicit means and without any consideration. Based on these allegations, the Attachment Matter was commenced by the Indian

authorities, whereby the authorities sought to attach certain property owned by Mrs. Bhansali in New York City, contending that the property was proceeds of criminal activity. Specifically, the Indian authorities sought to attach an apartment owned by Mrs. Bhansali and located at 50 Riverside Boulevard, Apartment 24-A, New York, New York 10069 (the "Apartment"). By Order dated March 13, 2019, the Tribunal determined that the Apartment was, in fact, the proceeds of a crime and that attachment was appropriate (the "Order"). Cited as one basis for the Tribunal's conclusion was that Mr. Bhansali was a Director of a company named Twin Fields Investments Limited, and that Twin Fields, in turn, was the improper recipient of over $50 million generated by the alleged scam. However, contrary to these allegations, Mr. Bhansali has no affiliation with Twin Fields and neither Mr. Bhansali nor Mrs. Bhansali ever received any such funds from Twin Fields.

By this proceeding, Mrs. Bhansali seeks to obtain discovery from Twin Fields that will enable her to demonstrate the lack of any affiliation as well as the lack of any transfer of funds. As set forth below, all pertinent requirements of § 1782 have been met, and the discretionary factors weigh in favor of Mrs. Bhansali. Thus, the Application should be granted.

## FACTUAL BACKGROUND

Mrs. Bhansali is a resident of New York City, and she is married to Mr. Bhansali. Butler Decl. ¶¶ 2-3. On or about October 1, 2018, Mrs. Bhansali, along with Mr. Bhansali and others, was named as a defendant in a matter entitled *Sh. C. Mahesh Chadra Reddy, Deputy Director, Directorate of Enforcement, Prevention of Money Laundering Act, 2002, Vs Smt. Rakhi Bhansali, et al, OC-NO 1050/2018*, pending in Mumbai, India. *Id*. ¶ 4. In the Attachment Matter, the Enforcement Directorate sought an order attaching the Apartment, arguing that the property was the proceeds of a crime. *Id.* ¶ 5. In particular, the Enforcement Directorate alleged

that Mr. Bhansali, among others, had participated in a wide-ranging conspiracy and scheme to obtain loans and credits from PNB under false pretenses and without appropriate consideration. *Id*. ¶ 5. These allegations led to the launch of an investigation into the possibility that Mr. Bhansali and others were involved in money laundering and other wrongdoings, and that the Apartment was procured by fraud. *Id*. ¶¶ 5-6.

On March 13, 2019, the Adjudicating Authority issued its Order. Butler Decl. ¶ 7, Ex. A. At that time, the Adjudicating Authority made a preliminary determination that the Apartment was the proceeds of a crime and, therefore, subject to attachment under the Prevention of Money Laundering, 2002 ("PMLA"). *Id*., p. 38. The Order was based, in part, on erroneous claims that Mr. Bhansali had benefitted from certain improper transfers to Twin Fields. *Id*., pp. 14-19. Specifically, the Order states that Mr. Bhansali "was a Director of many USA companies including . . . Twin Fields Investment." *Id*., p. 15. The Order also states that:

> "Mihir Bhansali was [a] co-conspirator and a beneficiary of the scam. Twin Fields Investments Limited in which he is a Director & benefited from the scam to the tune of at least USD $50 million."

*Id*., p. 18. The Order concluded that "[n]o doubt the properties attached are proceeds of a crime or value thereof and are involved in money laundering." *Id*., p. 38.

The Order is currently being appealed by Mrs. Bhansali to the Appellate Tribunal under the PMLA in New Delhi, India. Butler Decl. ¶ 9. Given the reliance on claims of a relationship between Mr. Bhansali and Twin Fields, and the claim that Mr. Bhansali had received substantial benefit from illicit funds through Twin Fields, Mrs. Bhansali now seeks to obtain information from Twin Fields that will serve to refute these claims. In particular, Mrs. Bhansali seeks bank records to demonstrate that there were no transfers between Mr. Bhansali, Twin Fields or herself,

information regarding signatories on Twin Fields' bank accounts; and information regarding officers and directors at Twin Fields, which did not include Mr. Bhansali.

## ARGUMENT

## I

### MRS. BHANSALI'S APPLICATION SATISFIES THE REQUIREMENTS OF § 1782 AND SHOULD BE GRANTED

"A court deciding a section 1782 application must first determine whether certain statutory requirements are met, and if those requirements are satisfied, the Court may then consider other factors to determine whether to exercise its discretion to grant the application." *In re O'Keeffe*, 646 F. App'x 263, 265-66 (3d Cir. 2016). Mrs. Bhansali's application satisfies both the statutory requirements set forth in § 1782 and the discretionary factors identified by courts construing the Statute. Accordingly, the application should be granted.

**A.      Mrs. Bhansali's Application Meets all of § 1782's requirements.**

Section 1782 authorizes a United States District Court, upon the application of an interested person, to assist foreign litigants in gathering information for use in foreign proceedings. 28 U.S.C. § 1782; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004) ("Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals."). The Statute provides, in pertinent part, that:

> (a)     The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the

>practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

*Id.* Accordingly, a "district court has authority to grant an application when three conditions are met: (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by an interested person." *Pinchuk v. Chemstar Prods. LLC*, 2014 U.S. Dist. LEXIS 86781, at *4 (D. Del. 2014); *Via Vadis Controlling Gmbh v. Skype, Inc.*, 2013 U.S. Dist. LEXIS 23434, at *3 (D. Del. 2013). Mrs. Bhansali's Application meets each of these statutory requirements.

    1.  <u>Twin Fields Resides in and can be found in the District of Delaware.</u>

For purposes of § 1782, a corporation is said to reside or be found in the District of Delaware if it is incorporated under the laws of this State. *See In re Gilead Pharmasset LLC*, 2015 U.S. Dist. LEXIS 48720, *4 (D. Del. 2015) (finding that a corporation was "within the jurisdictional reach of this court" under the statutory requirements of § 1782 because it was "incorporated under the laws of Delaware"); *Pinchuk v. Chemstar Prods. LLC*, 2014 U.S. Dist. LEXIS 86781, *5 (D. Del. 2014) ("Respondents are Delaware limited liability companies and reside in the District of Delaware for purposes of § 1782."); *Via Vadis Controlling Gmbh v. Skype, Inc.*, 2013 U.S. Dist. LEXIS 23434, at *4 (D. Del. 2013) (determining that Skype "resides in the District of Delaware for the purposes of § 1782 because "Skype is a Delaware corporation").

Twin Fields is a domestic corporation incorporated in The State of Delaware with its office located at 40 East Division Street, Apartment #A, Dover, Delaware 19901-7365. Butler

Decl. ¶ 10, Ex. B.  Thus, Twin Fields clearly resides in and can be found in the District of Delaware for purposes of § 1782.

      2. <u>The Discovery Sought by Mrs. Bhansali is for Use in a Proceeding Before a Foreign Tribunal.</u>

The documents and deposition testimony sought by Mrs. Bhansali from Twin Fields are plainly "for use in" the Attachment Matter and will facilitate its efficient resolution.  To satisfy the statutes' "for use in" provision, an applicant need not show that the discovery would be admissible or even discoverable in the foreign court.  *See Intel*, 542 U.S. at 260 (rejecting the "suggestion that a § 1782(a) applicant must show that United States law would allow discovery in domestic litigation analogous to the foreign proceeding").  Indeed, the statutes' "for use in" provision has been held to "mirror the requirements in Federal Rule Civil Procedure 26(b)(1) and mean discovery that is relevant to the claim or the defense of any party, or for good cause, or any matter relevant to the subject matter involved in the foreign action." *Fleischmann v. McDonald's Corp.*, 466 F. Supp. 2d 1020, 1029 (N.D. Ill. 2006).

The documents sought by Mrs. Bhansali are plainly relevant to the Attachment Matter.  As set forth above, the Tribunal issued its Order attaching the Apartment based, in part, on the conclusion that the Apartment was the proceeds of a crime committed by Mr. Bhansli while he was an officer of Twin Fields.  Butler Decl. ¶ 7, Ex. A, pp, 14-19, 38.  Specifically, the Tribunal concluded that Twin Fields purportedly received $50 million in fraudulent transfers and Mr. Bhansali – the Director of Twin Fields – improperly benefited from these alleged wrongdoings. *Id*.  These claims are heavily contested by Mrs. Bhansali.  Butler Decl. ¶ 15.  Indeed, it is Mrs. Bhansali's contention that at no point did she or Mr. Bhansali ever have an affiliation with Twin Fields nor did they ever receive any funds or other benefit from Twin Fields.  *Id*.  The discovery sought from Twin Fields on this issue will assist in correcting those allegations and, therefore,

will provide support for the pending appeal in the Indian Appellate Tribunal.  For those reasons the discovery is appropriately "for use" in a foreign proceeding as required by § 1782.

### 3.  Mrs. Bhansali is an "Interested Party" under § 1782.

Litigants in the foreign proceeding for which discovery is sought are, by definition, "interested parties" under § 1782.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . . .").  Mrs. Bhansali was a named defendant in the Attachment Matter that was commenced in Mumbai, and Mrs. Bhansali is pursuing an appeal of the Order in the Appellate Tribunal for PMLA.  Butler Decl. ¶¶ 4, 9.  Accordingly, Mrs. Bhansali is clearly an "interested person" within the meaning of § 1782.

### B.  The Discretionary Factors Favor Granting the Application.

Where, as here, the statutory requirements of § 1782 have been satisfied, courts have discretion to grant the moving party's § 1782 application.  *Intel*, 542 U.S. at 264-65.  The four factors considered by courts in applying this discretion are: "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; (4) whether the subpoena contains unduly intrusive or burdensome requests." *In re O'Keeffe*, 646 F. App'x 263, 266 (3d Cir. 2016) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

All of these discretionary factors weigh in favor of granting the Application.

1. <u>Evidence Sought is Outside the Foreign Tribunal's Jurisdictional Reach.</u>

"The first [] factor considers whether the respondent is a participant in the foreign proceeding." *In re Gilead Pharmasset LLC*, 2015 U.S. Dist. LEXIS 48720, *5 (D. Del. 2015). This is primarily because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and "their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *See Intel*, 542 U.S. at 264.

Here, the first factor clearly weighs in favor of granting the Application. Twin Fields, a domestic corporation that was neither a party nor a participant in the Attachment Matter (Butler Decl. ¶ 10), is clearly outside the jurisdictional reach of the Indian Tribunal. Thus, it is appropriate for this Court to exercise discretion in favor of the application given that Twin Fields is plainly beyond the scope of the subpoena power of the Indian Courts, but possesses documents and information relevant to the foreign proceedings.

2. <u>No Evidence that the Indian Courts Would Not be Receptive to the Discovery.</u>

The second factor, in turn, considers "whether the foreign tribunal would consider evidence produced pursuant to a § 1782 order." *In re Gilead*, 2015 U.S. LEXIS at *6 (citing *In re Chevron Corp.*, 633 F.3d 152, 162-63 (3d Cir. 2011)). "Importantly, the inquiry is not whether the foreign court has analogous discovery laws that would lead to production of the materials, but whether the foreign court would consider the evidence revealed from a § 1782 order." *Via Vadis Controlling Gmbh v. Skype, Inc.*, 2013 U.S. Dist. LEXIS 23434, at *5 (D. Del. 2013). Accordingly, it is not the responsibility of this Court to determine "whether the foreign courts [] will, or should, accept the documents and depositions" at issue but, rather, whether the opposing party has met their burden of establishing that the foreign courts "will not be receptive to the judicial assistance." *In re Gilead*, 2015 U.S. LEXIS at *6.

There is no indication that the Indian Courts would not be receptive to the requested discovery. As stated, Mrs. Bhansli intends to appeal the Order issued by the Tribunal in the Attachment Matter (*see* Butler Decl. ¶ 9) and, as such, parties will be permitted to further brief the court and submit additional evidence to the Indian Appellate Tribunal in support of their claims. The discovery sought is clearly material and relevant to the claims and defenses at dispute and would facilitate the resolution of the Attachment Matter and any related appellate proceedings. *See* Butler Decl. ¶¶ 12-15. India and the U.S. are parties to the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil and Commercial Matters (the "Hague Evidence Convention") – which encompasses principles of international comity. Butler Decl. ¶ 16. In addition, both PNB and India's Ministry of Corporate Affairs, organs of the Indian government, have participated in proceedings pending in the U.S. that relate to the alleged fraud at issue abroad. Butler Decl. ¶ 16. Accordingly, there is no reason to believe that India would not accept any of the evidence produced through a § 1782 order.

> 3. The Application Does Not Conceal An Attempt to Circumvent Any Restrictions or Policies.

In determining the third factor, "a perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782" may be considered. *In re Gilead*, 2015 U.S. LEXIS 48720, at *10 (D. Del. 2015). However, "[i]t is not a prerequisite for a § 1782 applicant to exhaust all potential discovery procedures in the foreign proceedings in order to obtain a federal court's assistance under the statute." *Id*.

Here, there is no evidence to suggest that Mrs. Bhansali is attempting to circumvent any restrictions or policies on evidence gathering in India. On the contrary, Mrs. Bhansali is seeking information from a U.S. corporation to counter wrongful and extraordinarily prejudicial information cited by the Indian government in an effort to obtain attachment of the Apartment –

property belonging to Mrs. Bhansali in the State of New York. Butler Decl. ¶¶ 11-15, 17. Thus, this factor provides no impediment to the Court granting this Application.

### 4. The Discovery Sought is Not Unduly Intrusive or Burdensome.

This last factor considers the "scope of the discovery sought." *Pinchuk v. Chemstar Prods. LLC*, 2014 U.S. Dist. LEXIS 86781, at *10 (D. Del. 2014). In particular, the "assessment of the fourth factor is virtually identical to the familiar 'overly burdensome' analysis that is integral to the Federal Rules" and, thus, it is only required that the "discovery appears reasonably calculated to lead to the discovery of admissible evidence." *In re Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016); *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) ("[A] district court evaluating a § 1782 discovery request should assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure.").

The documents and testimony sought from Twin Fields are narrowly tailored and, thus, in no way unduly intrusive or burdensome. *See* Application, Exs. A, B. The discovery seeks only limited bank records; records sufficient to determine who the officers and directors of Twin Fields were; and records sufficient to determine who the signatories on Twin Fields' banks were. *Id.* These are not only narrowly tailored, but they are intended to address a very specific and narrow issues raised by the Attachment Matter. In particular, they specifically address the question of whether Mr. Bhansali did in fact benefit from the alleged fraud through transfers made to Twin Fields at a time in which he was purportedly a Director. Given the significance of this question to the existing Order and the possibility of an attachment of substantial New York based assets, the Court should permit this inquiry.

## **CONCLUSION**

For the reasons stated above, Mrs. Bhansali respectfully requests that the Application be granted be granted in its entirety.

Dated: New York, New York
April 12, 2019

                         By:    s/ Marc S. Casarino
                                 Marc S. Casarino
                                 White and Williams LLP
                                 Courthouse Square
                                 600 N. King Street
                                 Suite 800
                                 Wilmington, DE 19801
                                 (302) 467-4520
                                 casarinom@whiteandwilliams.com

                                      and

                                 Thomas E. Butler
                                 Nicole A. Sullivan
                                 White and Williams LLP
                                 7 Times Square, Suite 2900
                                 New York, New York 10036
                                 (212) 714-3070
                                 Butlert@whiteandwilliams.com
                                 *Attorneys for Petitioner*